J-A28017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.E.W., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.D.F., | |
| Appellant | No. 1185 EDA 2015 |

Appeal from the Order entered April 9, 2015
In the Court of Common Pleas of Delaware County
Domestic Relations, at No(s): 2006-006840

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 25, 2016**

J.D.F. ("Father"), acting *pro se*, appeals from the order entered on April 9, 2015, in the Court of Common Pleas of Delaware County, which denied Father's contempt petition against M.E.W. ("Mother") regarding their child, C.F., born in September 1998. We affirm.

Father and Mother are the parents of C.F., and M.F., born in March 2000 (collectively, the "Children"). The original custody stipulation was entered on December 19, 2006. The existing custody order was entered on February 7, 2014.

On December 1, 2014, Father filed a petition for contempt of the custody order against Mother regarding M.F. On December 10, 2014, the

trial court held a hearing on the petition. The trial court denied the petition.[1] Father filed a timely motion for reconsideration.

During the pendency of the motion for reconsideration, C.F. entered inpatient mental health treatment without Father's consent, and without Father being informed of the decision. On January 21, 2015, Father filed a second petition for contempt of the custody order against Mother regarding C.F.

In both petitions, Father alleged that Mother was in contempt of the joint legal custody portion of the existing custody order. In the petitions, Father asserted that Mother knowingly made important decisions regarding inpatient mental health treatment for both of the Children without his consent, and without informing him of the decisions, in violation of the joint legal custody provisions of the existing custody order.

On March 25, 2015, the trial court held a hearing on both the motion for reconsideration concerning M.F. and the petition for contempt concerning C.F. In an order entered on April 9, 2015, the trial court denied the motion for reconsideration concerning M.F., and the petition for contempt concerning C.F.

Father timely filed a notice of appeal in relation to the order denying the petition for contempt concerning C.F., but did not file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.

---

[1] Although the December 11, 2014 order is not entered on the trial court's docket and does not appear to be part of the certified record, the trial court refers to it in its order entered on April 9, 2015.

1925(a)(i) and (b).[2] In an order entered on April 24, 2015, the trial court directed Father to file a Rule 1925(b) statement within twenty-one days. As no party alleges any prejudice from Father's separate, late filing of the Rule 1925(b) statement, we will proceed to review the issue he raises on appeal. *See In re K.T.E.L.*, 983 A.2d 745, 747-748 (Pa. Super. 2009) (finding that the appellant's failure to simultaneously file a Rule 1925(b) statement did not result in waiver of all issues for appeal where the appellant later filed the Statement, and there was no allegation of prejudice from the late filing).

On appeal, Father presents the following issue for our review.

> Whether the [trial court] erred in its decision that Mother/Appellee was not in violation of the Custody Order providing for Joint Legal Custody when it failed to hold Mother in contempt for not informing and/or consulting Father prior to the minor child (C.F.) (age 16) being placed into a mental health facility?

Father's Brief, at 4.

Relying on *K.H. v. J.R.*, 826 A.2d 863, 874 (Pa. 2003), a negligence case, Father argues that legal custody is defined by statute as the legal right to make major decisions affecting the best interest of a minor child,

---

[2] In a *per curiam* order entered on June 15, 2015, this Court explained that the portion of the order entered on April 9, 2015 that denied Father's motion for reconsideration of the trial court's December 11, 2014 order regarding M.F. was not properly before this Court on appeal, as Father failed to preserve a timely appeal. *See Valentine v. Wroten*, 580 A.2d 757 (Pa. Super 1990) (appeal will not lie from the denial a motion for reconsideration). Our order explained that only the portion of the order entered on April 9, 2015 that denied the petition for contempt relating to C.F. was preserved for review on appeal.

including but not limited to, medical, religious, and educational decisions. Father contends that Mother violated the provision in the existing custody order providing for joint legal custody by unilaterally making the mental health decisions for C.F., and that she should be held in contempt of the law regarding joint legal custody.

Initially, we observe that, as the existing custody order in this matter was entered in February 2014, and the hearing on the contempt petition at issue was held in March 2015, the Child Custody Act, ("the Act"), 23 Pa.C.S.A. § 5321 is applicable. **See C.R.F. v. S.E.F.**, 45 A.3d 441, 445 (Pa. Super. 2012) (holding that, if the custody evidentiary proceeding commences on or after the effective date of the Act, *i.e.*, January 24, 2011, the provisions of the Act apply).

We have stated that

> [t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

**Ketterer v. Seifert**, 902 A.2d 533, 540 (Pa. Super. 2006) (citation omitted).

In **M.A.T. v. G.S.T.**, 989 A.2d 11 (Pa. Super. 2010) (*en banc*), we stated the following regarding an abuse of discretion standard.

> Although we are given a broad power of review, we are constrained by an abuse of discretion standard when evaluating

- 4 -

the court's order. An abuse of discretion is not merely an error of judgment, but if the court's judgment is manifestly unreasonable as shown by the evidence of record, discretion is abused. An abuse of discretion is also made out where it appears from a review of the record that there is no evidence to support the court's findings or that there is a capricious disbelief of evidence.

*Id*., at 18-19 (quotation marks and citations omitted).

With any custody case decided under the Act, the paramount concern is the best interests of the child. **See** 23 Pa.C.S.A. §§ 5328, 5338.

In reviewing orders dealing with contempt, this Court must consider that each court is the exclusive judge of contempt against its process. **See Garr v. Peters**, 772 A.2d 183, 189 (Pa. Super. 2001). When reviewing an appeal from a contempt order, this Court must place great reliance upon the discretion of the trial court. **See P.H.D. v. R.R.D.**, 56 A.3d 702, 706 (Pa. Super. 2012). In proceedings for civil contempt of court, the general rule is that the burden of proof must rest with the complaining party to demonstrate the respondent is in noncompliance with the court order. **See MacDougall v. MacDougall**, 49 A.3d 890, 892 (Pa. Super. 2012).

Furthermore, to sustain a finding of civil contempt, the complainant must prove, by a preponderance of evidence, that: (1) the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent. **See id**.; **P.H.D.**, 56 A.3d at 706 n.7. This Court will only reverse a trial court order denying a civil contempt petition upon a showing that the trial court misapplied the law or exercised

its discretion in a manner lacking reason. *See Harcar v. Harcar*, 982 A.2d 1230, 1234 (Pa. Super 2009).

In this case, the trial court determined that Father failed to present any evidence that Mother made the decisions on behalf of C.F. *See* Trial Court Opinion, 6/3/15, at 4. Moreover, the trial court found that Mother's withholding the information regarding C.F.'s mental health issues was not motivated by wrongful intent. *See id*.[3] Rather, the trial court found it was in the best interests of the child, where C.F. had requested Mother's assistance in seeking professional mental health treatment, for Mother to follow C.F.'s desire for confidentiality. *See id*., at 8-9.

Upon careful review of the certified record, including the notes of testimony, the parties' briefs, the trial court opinion entered June 3, 2015,

---

[3] The trial court also refused to hold Mother in contempt because Mother had a good faith belief that the Mental Health Procedures Act ("MPHA"), 23 Pa.C.S.A. § 50 P.S. § 7101 *et seq*., prohibited Mother from informing Father about C.F.'s admission to the mental health treatment facility. *See* Trial Court Opinion, 6/3/15, at 4. In its opinion, the trial court also discussed the issue of whether the trial court misapplied the MPHA, since Father specifically raised that issue in his concise statement. Father, however, attempts to discuss the trial court's application of the MPHA in his brief, asserting that it was erroneous, without having raised the issue in the statement of questions involved section of his brief. We, therefore, find that he has waived his challenge to the trial court's application of the MPHA. *See Krebs v. United Refining Company of Pennsylvania*, 893 A.2d 776, 797 (Pa. Super. 2006) (stating that an appellant waives a claim by failing to raise it as an issue in both his concise statement and his statement of questions involved section of his brief on appeal). Had Father raised the issue, we would find that the trial court's reasoning with regard to Father's first issue was sufficient for us to conclude that the trial court did not err or abuse its discretion in determining that Mother was not in contempt of the existing custody order.

and the applicable law, we discern no error of law or abuse of discretion by the trial court. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2016